**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MANITTO TECHNOLOGIES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> VOLVO CARS OF NORTH AMERICA, LLC, <br><br> Defendant. | Civil Action No. 2:14-cv-1117 <br><br> **JURY TRIAL DEMANDED** |

## ORIGINALCOMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Manitto Technologies, L.L.C. ("Manitto") files this original complaint against Volvo Cars of North America, LLC ("Volvo" or "Defendant") alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1. Manitto is a corporation formed under the laws of the State of Texas, with a principal place of business in Austin, Texas.

2. Volvo is a corporation organized under the laws of the New Jersey, with its principal place of business at 1 Volvo Drive, Rockleigh, NJ 07647.  Volkswagen Group of America, Inc. may be served via its registered agent for service of process: US Corporation Company, 800 Brazos, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, Defendant has transacted business in this district and has committed, by themselves or in concert with others, acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,900,825

6. On May 4, 1999, United States Patent No. 5,900,825 ("the 825 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "System and Method For Communicating Location and Direction Specific Information to a Vehicle."

7. Manitto is the owner of the 825 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 825 patent against infringers, and to collect damages for all relevant times.

8. Defendant, directly or through their customers and/or intermediaries, made, had made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including for example, automobiles with Real Time Traffic Information systems) that infringed one or more claims of the 825 patent. Specifically, Defendant's accused products and/or systems have features that allow a vehicle to receive information based on the vehicle's location and direction of travel.

9. Defendant has and is directly infringing the 825 patent.

### ADDITIONAL ALLEGATIONS REGARDING INDIRECT AND WILLFUL INFRINGEMENT

10. Defendant has and is indirectly infringing the 825 patent, both as an inducer of infringement and as a contributory infringer.

11. The direct infringement underlying Defendant's indirect infringement consists of the use of the accused systems by end-user customers.

12. Defendant induces end-user customers to use the accused systems, and specifically to use them in a manner that infringes the 825 patent. Defendant does so by (1) providing instructions to their customers that explain how to use the component features of the accused products that are accused of infringement (specifically those features that allow a customer's vehicle to receive information based on the vehicle's location and direction of travel); and (2) by touting and advertising these accused features of their vehicles.

13. Defendant has contributed to the infringement of the 825 patent by end-user customers by making and selling the vehicles with the accused systems. The accused component features of Defendant's vehicles are especially made for use by end-user customers in infringement of the 825 patent and have no substantial use other than infringing the 825 patent. In particular, the component feature that allows a customer's vehicle to receive information

based on the vehicle's location and direction of travel has no practical use other than uses that infringe the 825 patent. These components in the accused products constitute a material part of the invention of one or more asserted claims of the 825 patent and are not staple articles of commerce suitable for substantial non-infringing use. The use of these features by end-user customers of the vehicles for their intended and directed purpose necessarily results in infringement of the 825 patent.

14. Defendant has and will have knowledge of the 825 patent, as well as the fact that their customers' uses of their vehicles infringe the 825 patent, since at least as early as the filing of this lawsuit.

15. Additionally, through their policies and practices of not investigating whether their vehicles' various component features infringed the patents of others, Defendant intentionally took steps to avoid learning the extent of their infringement of the intellectual property rights of others, such as Manitto, despite their belief that there was a high probability that their actions constituted infringement. Thus, Defendant was willfully blind to the existence of the 825 patent prior to the filing of this lawsuit. Defendant, also being extensively involved in the relevant hardware and software systems of their customers and/or suppliers, had sufficiently detailed knowledge of the related activities of their customers and/or suppliers to know that these acts constituted infringement, yet took the above steps to cause infringement regardless.

16. Defendant therefore induces/induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the 825 patent.

17. For the same reasons, Defendant's infringement has been and continues to be willful. Indeed, Defendant has acted and continues to act in the face of an objectively high

likelihood that their actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

Manitto hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Manitto requests that the Court find in its favor and against Defendant and that the Court grant Manitto the following relief:

a. Judgment that one or more claims of the 825 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or all others acting in concert therewith;

b. A permanent injunction enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the 825 patent;

c. Judgment that Defendant account for and pay to Manitto all damages to and costs incurred by Manitto because of Defendant's infringing activities and other conduct complained of herein;

d. That Manitto be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Manitto its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That Manitto be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 12, 2014

Respectfully submitted,

/s/ Califf Cooper
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com

ANTONELLI, HARRINGTON & THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*ATTORNEYS FOR PLAINTIFF*
*MANITTO TECHNOLOGIES L.L.C.*